## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

SHAWN L.,                          )
                                   )
            Plaintiff              )
                                   )
v.                                 )      No. 2:25-cv-00084-KFW
                                   )
FRANK BISIGNANO,                   )
Commissioner of                    )
Social Security,                   )
                                   )
            Defendant              )

### MEMORANDUM OF DECISION[1]

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal argues that the Administrative Law Judge (ALJ) erred by inadequately explaining how she evaluated the supportability and consistency of medical opinions and prior administrative medical findings.  *See* Plaintiff's Brief (ECF No. 12).  I agree and vacate the Commissioner's decision and remand the matter for further proceedings consistent with this decision.

### I. Background

The Plaintiff applied for benefits in December 2019.  Record at 144, 437-43.  After denials at the initial and reconsideration levels, the Plaintiff filed a written request for a hearing before an ALJ.  *Id.* at 39, 144, 189-90.  The hearing occurred in September 2021.  *Id.* at 36-73, 144.  After the hearing, the Plaintiff was scheduled for

---

[1] The parties have consented to my presiding over all proceedings in this action, including the entry of judgment.  *See* ECF No. 9.

1

a psychological evaluation with Donna Gates, Ph.D., to address insufficient evidence in the file. *Id.* at 144, 1109. The Plaintiff then received Dr. Gates's report, accompanied by a proffer notice stating that, if requested, the ALJ would grant a supplemental hearing unless there was a fully favorable decision. *Id.* at 584, 1109-1112. The Plaintiff's requests for a supplemental hearing and proposed interrogatories were denied after the ALJ determined that the proposed questions had either been sufficiently answered in Dr. Gates's report or were irrelevant. *Id.* at 146. The ALJ issued an unfavorable decision in August 2022. *Id.* at 141-163.

The Plaintiff sought review by the Appeals Council, which determined that a supplemental hearing should have been granted because the language in the proffer notice for Dr. Gates's report indicated that, under these circumstances, a hearing would be granted. *Id.* at 166, 584. The Appeals Council vacated the decision and remanded the case to the ALJ, who held a second hearing in February 2024 before issuing an unfavorable decision on March 27, 2024. *Id.* at 14-28, 74-104. The Appeals Council denied the Plaintiff's request for review, *see id.* at 1-6, rendering the ALJ's decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it complies with correct legal standards and is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence refers to evidence in the administrative record

2

that a reasonable mind would accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If supported by substantial evidence, an ALJ's findings are conclusive even if the record could support a different outcome. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 770 (1st Cir. 1991).

### III. Discussion

The Plaintiff's primary argument is that the ALJ inadequately addressed the supportability and consistency of medical opinion evidence. Plaintiff's Brief at 12-16. Following the Appeals Council's vacatur of the August 2022 decision, the ALJ held the second hearing. During this hearing, she discussed the procedural status of the case, stating that the Appeals Council "returned it to the hearing level. When they do that, essentially what they are saying is start over and hold a new hearing. That's what we're going to do." Record at 77. The ALJ then issued the second unfavorable decision. *Id.* at 14-28. In doing so, she did not incorporate any portion of the vacated 2022 decision in either the hearing or in the subsequent written decision now on appeal. In the final decision, the ALJ found the opinions of the state agency medical psychology consultants and Dr. Gates to be "persuasive, as they are consistent with and supported by the objective treatment record, including the most recent treatment notes at Exhibit 19F." *Id.* at 25. This statement is the full extent of the ALJ's supportability and consistency analysis.[2]

---

[2] I looked to the decision as a whole to determine whether the ALJ's consistency and supportability findings are supported by the record. *See Evon F. v. Colvin*, No. 2:23-cv-00383-LEW, 2025 WL 289184, at *3 (D. Me. Jan. 24, 2025) (rec. dec.), *aff'd*, 2025 WL 722858 (D. Me. Mar. 6, 2025). But the ALJ failed to meaningfully engage with the evidence, and I cannot search the record as a fact finder; rather,

An ALJ must "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 404.1520c(b)(2), *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 5858 (Jan. 18, 2017) (saying that the purpose of the so-called articulation requirement is to allow "a reviewing court to trace the path of [the ALJ's] reasoning"). Here, the ALJ's explanation in her March 2024 decision is insufficient to permit meaningful judicial review of her reasoning. The ALJ's first 2022 decision contained a more extensive analysis of the evidence and the medical opinions' supportability and consistency. *See* Record at 155-156. But that vacated decision is not before me on appeal. *See Ortiz v. Dudek*, No. 24-cv-11704-ADB, 2025 WL 1400356, at *13 (D. Mass. May 14, 2025) ("The Court cannot revive the ALJ's original decision, itself vacated by the Appeals Council . . . . The current appeal before the Court is of the ALJ's second . . . decision—*not* the Appeals Council's remand order. As such, the ultimate issue before this Court is whether the [ALJ's] final . . . decision is supported by substantial evidence and whether the correct legal standard was used." (cleaned up)); *Reedom v. Soc. Sec. Admin. Com'r*, No. 2:13-cv-00308-JAW, 2013 WL 5960861, at *1 (D. Me. Nov. 7, 2013) (rec. dec.) ("Only those decisions of the Commissioner that are 'final' are subject to judicial review."), *aff'd*, 2013 WL 5960861 (Apr. 8, 2014). An ALJ may incorporate a previous decision by referencing it in the final decision on appeal. *See Smith v. Berryhill*, No. 1:16-cv-00567-JHR, 2018 WL 1474528, at *3 (D. Me. Mar. 26, 2018). But that did not happen here, and

---

my "review is limited to a determination of whether the findings of the [Commissioner] were supported by substantial evidence." *Deblois v. Sec'y of Health & Human Servs.*, 686 F.2d 76, 79 (1st Cir. 1982).

the consistency and supportability analysis in the March 2024 decision is insufficient to permit meaningful review.

In the briefing, the Commissioner conducted a lengthy recitation and analysis of evidence that is nowhere found in the March 2024 decision. Commissioner's Brief at 3-12, 13-18. "Regardless of the validity of [the Commissioner's] argument, it is not for [the Commissioner] to make arguments in support of the ALJ's decision that the ALJ did not make." *Boyer v. Colvin*, No. 15-cv-148-LM, 2016 WL 184394, at *7 (D.N.H. Jan. 15, 2016) (cleaned up); *see also Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (Discussing the "simple but fundamental rule of administrative law" requiring "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, [to] judge the propriety of such action solely by the grounds invoked by the agency"). Thus, the fact that there may be substantial evidence in the record to support the ALJ's decision does not render the ALJ's failure to explain her decision harmless because even read as a whole, the decision does not engage with the evidence in a way that permits meaningful review. *See Craig G. C. v. Saul*, No. 2:20-cv-00217-JDL, 2021 WL 2012307, at *5 (D. Me. May 20, 2021) (rec. dec.) ("[R]eversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result via an acceptable analytical pathway." (cleaned up)), *aff'd*, 2021 WL 2416963 (D. Me. June 14, 2021).

Then, at oral argument, the Commissioner contended that a remand would be an empty exercise because the Plaintiff's treating providers gave no explanation for their opinions. However, a remand will be an empty exercise only if "there was an independent ground on which affirmance must be entered as a matter of law." *Ward v. Commissioner of Soc. Sec.,* 211 F.3d 652, 656 (1st Cir. 2000). The Commissioner did not identify such a ground in briefing or argument. Instead, the Commissioner invites a post hoc rationalization of the ALJ's consistency and supportability findings, an action reviewing courts cannot take. *See High v. Astrue,* No. 10-cv-69-JD, 2011 WL 941572, at *6 (D.N.H. Mar. 17, 2011) ("[T]he court cannot consider or provide post hoc rationalizations for the ALJ's decision and instead is limited to evaluating the decision based solely on the reasons stated in the decision . . . ." (cleaned up)).

## IV. Conclusion

For the foregoing reasons, the Commissioner's decision is **VACATED** and **REMANDED** for further proceedings consistent with this opinion.[3]

Dated: March 24, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[3] The Plaintiff made other arguments that I do not address because a remand is warranted on this issue.